UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Plaintiff(s)**<br>Ishmeal Elmore<br>vs.<br>Onondaga County Sheriffs<br>**Defendant(s)** | Civil Case No.: 5:23-cv-508<br>(GTS/TWD)<br>**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983** |

Plaintiff(s) demand(s) a trial by: ☑ JURY  ◯ COURT  (Select only one).

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR 26 2023
AT ____ O'CLOCK
John M. Domurad, Clerk - Syracuse

Plaintiff(s) in the above-captioned action, allege(s) as follows:

**JURISDICTION**

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

**PARTIES**

2. Plaintiff: Ishmeal Elmore
   Address: 1012 Cadillac St. Apt. 1
   Syracuse, N.Y. 13208

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: C. Atieh (#2911)
   Official Position: Sheriff's deputy
   Address: 407 S. State St.
   Syracuse, N.Y. 13202

b. Defendant: (Name Unknown)
   Official Position: Sheriff's deputy
   Address: 407 S. State St.
   Syracuse, N.Y. 13202

c. Defendant: _____
   Official Position: _____
   Address: _____

Additional Defendants may be added on a separate sheet of paper.

4.                          **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

★ (See Attached document)

5.                  **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

### FIRST CAUSE OF ACTION

☆ (See Attached document)

### SECOND CAUSE OF ACTION

☆ (See Attached document)

### THIRD CAUSE OF ACTION

☆ (See Attached document)

6.  **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

☆ (see Attached document)

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 4/21/2023

Ishmeal Elmore
Ishmeal Elmore
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

4. STATEMENT OF FACTS

On 8/01/2022 at approximately 5.30 pm while me and my then girlfriend ( Monica Landry) were returning to our hotel, I was pulled over by an Onondaga County Sheriff's Deputy while pulling into the parking lot of our hotel. This routine traffic stop occured in the parking lot of Hometown Inn located at 6611 Old Collamer Rd S, East Syracuse, NY 13057. After pulling into the parking space in front of my hotel room located on ground level I was met by Onondaga County Sheriff's Deputy (C. Atieh #2911) who stated that the reason why he pulled me over is based upon illegal window tint (although footage will show that my windows were rolled down on this hot summer day, and I have not received any traffic tickets stemming from this encounter). Nevertheless I handed him my license and other relevant documentation requested, all of which bear my name. It is to be noted that aside from Officer Atieh's claim alleging illegal window tint my vehicle met all DMV requirements to operate on New York State roadways.

After receiving these documents he then returns to his vehicle. While awaiting for officer Atieh to return with my ticket and other related personal documentation another officer arrives on scene to this encounter (officer name unknown). In unison both officers now approach each side of my vehicle. During this second interaction, as I'm explaining that I'm just returning to my hotel room with my girlfriend for the evening, deputy sheriff (C. Atieh #2911) switches his demeanor and becomes overtly investigative stating that he now smells marijuana emanating from my vehicle and that he sees a "joint" in the ashtray. Ms Landry then immediately spoke up and stated "the joint's mine,I was smoking it earlier, and he ( I ) does not smoke marijuana". I then immediately concede this fact to deputy sheriff (C. Atieh #2911) and plainly state to him that the "joint" is her's and I do not smoke marijuana. Afterwards deputy sheriff (C. Atieh #2911) then tells me to step out of my vehicle in which I immediately comply.

After exiting my vehicle deputy sheriff (C. Atieh #2911) then ushers me to the rear of my vehicle and notifies me that he and his partner are now going to conduct a pat frisk upon my person for weapons. I comply without any issues. After being roughly risked and embarrassed in front of the now growing crowd of other hotel guests and on-lookers deputy sheriff ( C. Atieh #2911 ) then notifies me that he is now going to conduct a field sobriety test upon my person. I politely but briefly remind him that I was not under the influence of marijuana, as aforementioned, I do not smoke it, and that I've already reached my destination for the evening and currently done driving in any event, for which I am now safely parked in my designated parking space closest to my hotel room door. These incontrovertible admissions along with my hotel key card being displayed undeniably made officer (C. Atieh #2911) reasonably aware that any decision to now conduct a field sobriety test based on the totality of circumstances is overtly arbitrary, unwarranted, and furthermore moot, as I do not smoke marijuana and are done driving for the evening. Surprisingly, my statements were ignored by officer (C. Atieh #2911) so I nonetheless began with the commencement of the field sobriety test.

Once initiated his partner, who arrived in the second vehicle (name unknown), tells Ms. Landry to exit and move away from my vehicle because he is about to conduct a search. Upon seeing this but still conforming to the field sobriety test I tell officer (C. Atieh #2911) that I am not consenting to a search of my vehicle and what his partner is doing is illegal. My words were ignored and I continued with the sobriety test while his partner continued to search the interior of my vehicle for the next 5 minutes.

During this time other officers arrived on scene. I continuously informed deputy sheriff (C. Atieh #2911) that his partner has no right to search my vehicle and I object to the search. While continuing with the field sobriety test I was unexpectedly and roughly pulled backwards from behind by an unknown arriving officer. This immediately was followed by me being tripped by that officer's foot. While stumbling trying to gain footing, I was tackled to the ground extremely roughly by the help of a half dozen officers now joining my arrest. From the momentum of being yanked backwards unexpectedly coupled with the added force of being tackled, my head hit my car bumper tremendously hard causing me to temporarily black out while about 4 to 5 officers tooks turns bending my arms and legs to impossible angles. One Officer put his knee in my neck disrupting my breathing, one stuck a taser in my face yelling obscenities, and I seen another officer's hand motion towards his weapon. Struggling to breathe, I remember feeling an instinctive sense of panic, as if I were going to die by the officer's knee on my neck intentionally blocking my airways to breathe. With the last breath I could muster I screamed in panic "I'm not resisting" but the rough abuse still continued.

Upon seeing this flagrant abuse Ms. Landry, who was off in the background, pulls out her cellphone and begins recording the incident. As if almost immediately an officer steps in front of her and uses his body to blocks her cellphone camera's line of sight. This was a subtle maneuver in an attempt to shield their abusive actions from being recorded by Ms. Landry and thus undermining her right to record in public. He then angrily shouts to Ms. Landry that she cannot record this incident and when she sidesteps him to get a better recording angle the officer now places her under arrest as well. Once arrested, and having been sitting in the cop car on scene for over an hour I asked each officer involved in my arrest "what was the probable cause for the stop and search of my vehicle? deputy sheriff ( C. Atieh #2911) replied that he had a right to search my vehicle because he had smelled and seen marijuana. I tell him that what him and his partner did was illegal. The sight or smell of a small amount of marijuana, burnt or freshly harvested, is not probable cause In New York State( see Penal Law 222.05 (3)(a)(b)(c). Other officer's reasons as to probable cause for the stop and search of my vehicle were conflicting with deputy sheriff Atieh's.

After being on scene for well over an hour me and Ms. Landry were eventually transferred to the Onondaga County Sheriff's Office north station located at 7120 Henry Clay Blvd Liverpool, NY 13088, While there the deputy sheriffs completed their incident report and notified me and Ms. Landry of the charges pending against us. During this time I complied with yet another field sobriety test and pass it without incident. This again further let deputy sheriff (C. Atieh #2911) know that I was never under the influence of any substance and I was being truthful. Me and Ms. Landry eventually stayed at this station in a holding cell for well over 4 hours. In the early morning of 8/02/2022 we were transferred to the Onondaga County justice center to await arraignment. Later in the morning on 8/02/2022 I appear before a judge for arraignment and he orders "No Bail" forcing me to languish in jail. Ms. Landry was unable to post the excessively high bail so she remained incarcerated with me as well. On 8/05/2022 at approximately 12:00 pm my preliminary hearing on these charges was held. I involuntarily did not attend. At 12:45 pm I was informed by my lawyer, Nikki Platenik, that all physical evidence recovered from the traffic stop has been suppressed and that I am due to be released from jail. Later that evening me and Ms. Landry were released from custody at the same time.

5. Causes Of Action

B.) First Cause Of Action

Racial Profiling/Unreasonable Search & Seizure

The stop, seizure, and subsequent search of me and my vehicle resulting in my arrest was constitutionally unreasonable, thus depriving me of a fundamental right secured to me by the U.S. Constitution (Const. Amendment IV). The traffic stop of my Mercedes Benz convertible was not justified by officer Atieh and thus the result of racial profiling. No traffic tickets were issued at any time justifying or validating the stop and no probable cause arose justifying or validating the search of my vehicle. The resulting days of incarceration also violated fourth amendment constitutional protections.

C.) Second Cause Of Action

Excessive Force

Although I never resisted arrest at any point, and was compliant throughout the entire encounter, the level of force, tactics, and number of officers employed to place me under arrest was unjustifiable violating the protections afforded to me by the U.S. Constitution Amend. IV, causing me to sustain unnecessary and unwarranted physical and psychological trauma. Since this incident I have become extremely nervous of police encounters and suffer anxiety attacks and stress disorders when now living my life or interacting with police. Also, the slam to my head during my arrest has caused me to have infrequent migraines when I normally didn't before this incident. Furthermore the over tightened handcuffs has caused me to have infrequent muscle spasms in my hand and my finger has felt numb since this incident due to the severe tightness of the officer's handcuffs.

D.) Third Cause Of Action

Impound Fees And Damages To Vehicle.

The amount to get my vehicle out of the impound was $536.00. Also My vehicle's convertible top sensors located in the trunk compartment was damaged during a later police search(repair cost unknown). Paw prints/scratches were seen all over the top of my hood causing further damage to the vehicle and paint job.

6. Prayer For Relief

Wherefore, plaintiff requests that this court grant the following relief:
Compensatory damages in the amount of $5,000,000.00 for the pain, embarrassment and suffering I had to experience dealing with this traumatic situation, and such other and further relief that this court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 4/21/2023

Ishmeal Elmore

*Ishmeal P Elmore*
Signature of plaintiff