UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISHMEAL ELMORE,

                        Plaintiff,

v.                                                   5:23-CV-0508
                                                     (GTS/TWD)

ONONDAGA COUNTY SHERIFFS;
C. ATIEH, #2911 Sheriff's Deputy; and
UNKNOWN SHERIFF'S DEPUTY,

                        Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

ISHMEAL ELMORE
  Plaintiff, *Pro Se*
1012 Cadillac Street, Apt. 1
Syracuse, New York 13208

ONONDAGA COUNTY DEPT OF LAW           JOHN E. HEISLER, JR., ESQ.
  Counsel for Defendants                            KATHERINE B. FELICE, ESQ.
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Ishmeal Elmore ("Plaintiff") against the Onondaga County Sheriffs, Sheriff's Deputy C. Atieh, and an unknown Sheriff's Deputy ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that (1) Plaintiff's Fourth Amendment unreasonable search claim survive the Court's *sua sponte* review of his Complaint, (2) the remainder of Plaintiff's federal claims (i.e., for racial profiling, unreasonable seizure, false arrest,

false imprisonment, malicious prosecution, and excessive force) be dismissed with leave to amend, and (3) the Court exercise supplemental jurisdiction over Plaintiff's state law claims for property damage and reimbursement of impound fees to the extent they resulted from the alleged unreasonable search of Plaintiff's vehicle.  (Dkt. No. 12.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired (after having been extended by the Court upon Plaintiff's request).  (Dkt. Nos. 13, 14.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation (Dkt. No. 12), the Court can find no clear error in the Report-Recommendation.[1]  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Fourth Amendment unreasonable search claim against Defendants Deputy Atieh and Unknown Sheriff's Deputy **SURVIVES** the Court's *sua sponte* review of Plaintiff's Complaint (Dkt. No. 1); and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Plaintiff's remaining federal claims against Defendants Deputy Atieh and Unknown Sheriff's Deputy (specifically, Plaintiff's claims for racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force), are *sua sponte* **DISMISSED** **with leave to amend** pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Court shall exercise supplemental jurisdiction over Plaintiff's state law claims for property damage and reimbursement of impound fees to the extent they resulted from the alleged unreasonable search of Plaintiff's vehicle; and it is further

**ORDERED** that, should Plaintiff wish to file an **amended complaint** in this matter, the **amended complaint** must be filed within **THIRTY (3O) DAYS** of the date of this Decision and Order, and the **amended complaint** must be a complete pleading which supercedes and replaces his original Complaint in all respects; and it is further

**ORDERED** that, should Plaintiff file an amended complaint within the above-described thirty (30) day time period, the amended complaint shall be returned to Magistrate Judge Dancks for further review pursuant to 28 U.S.C. § 1915.

Dated: September 25, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge