UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISHMEAL ELMORE,

                                                                Plaintiff,

                                                                                       5:23-cv-00508-GTS-TWD

v.

ONONDAGA COUNTY SHERIFFS et al.,

                                                                Defendants.
_____

APPEARANCES:

ISHMEAL ELMORE
*Plaintiff, pro se*
1012 Cadillac St.
Apt. 1
Syracuse, NY 13208

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT AND RECOMMENDATION

       On April 26, 2023, Ishmeal Elmore ("Plaintiff") commenced this *pro se* action against Deputy C. Atieh, Onondaga County Sheriffs, and Unknown Sheriff's Deputy (collectively "Defendants") by filing a form-complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.). The complaint alleged Defendants racially profiled him; unreasonably searched his vehicle; unreasonably seized his person; falsely arrested and imprisoned him; and maliciously prosecuted him in violation of his Fourth Amendment Rights. (Dkt. No. 1 at 1-7.) Plaintiff also asserted state law claims against Defendants for damage to his vehicle and impound fees his car incurred as a result of his arrest. *Id.*

By Order and Report-Recommendation issued June 29, 2023, (the "June R&R"), the undersigned granted Plaintiff's IFP application for purposes of initial review, reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and recommended: (1) Plaintiff's unreasonable search claim against Deputy Atieh and Unknown Sheriff's Deputy survive *sua sponte* review; (2) Plaintiff's racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force claims against Deputy Atieh and Unknown Sheriffs Deputy be dismissed with leave to amend; and (3) the District Court exercise supplemental jurisdiction over Plaintiff's state law claims for property damage and reimbursement of impound fees to the extent they are a result of the alleged unreasonable search of Plaintiffs vehicle. (Dkt. No. 12.) On September 25, 2023, the Hon. Glenn T. Suddaby, United States District Court Judge, adopted the June R&R in its entirety. (Dkt. No. 15.)

On October 30, 2023, Plaintiff filed an amended complaint asserting the same claims against Deputy Atieh as well as Deputies John Doe #1, John Doe #2, and John Doe #3. (Dkt. No. 17.) For the reasons discussed below, the undersigned recommends the Plaintiff's Fourth Amendment excessive force claims surrounding his arrest brought pursuant to 42 U.S.C. § 1983 against Deputy Atieh as well as Sheriff's Deputies John Doe #1, John Doe #2, and John Doe #3 survive initial review and his racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force pat and frisk claims be dismissed without leave to amend.

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   Legal Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Thus, it is the Court's responsibility to determine whether Plaintiff may properly maintain a complaint before permitting it to proceed further.

**B.    Summary of the Amended Complaint**

Plaintiff's amended complaint is almost identical to his original complaint with the exception of some slightly new details involving Sheriff's Deputies John Doe #1, John Doe #2, and John Doe #3. (*See* Dkt. Nos. 1, 17.)[1] After Deputy Atieh pulled Plaintiff over for his vehicle's illegal window tint on August 1, 2022, Deputy John Doe #1 arrived on the scene. (Dkt. No. 17 at 5.) Deputy Atieh and Deputy John Doe #1 then approached Plaintiff's vehicle. *Id.* Deputy Atieh asked Plaintiff to exit his vehicle after observing a marijuana joint in the ashtray of Plaintiff's vehicle. *Id.* Once out of his vehicle, Deputy Atieh pat and frisked Plaintiff and conducted a field sobriety test. *Id.* Deputy John Doe #1 began to search Plaintiff's vehicle, to which Plaintiff verbally objected. *Id.* While Deputy Atieh was conducting the field sobriety test, Plaintiff "was unexpectedly and roughly pulled backwards from behind" by Deputy John Doe #2 and tripped over the same officer's foot. *Id.* at 6. As Plaintiff stumbled "trying to gain

---

[1] The Court incorporates by reference all details of the original complaint not mentioned herein. (*See* Dkt. No. 1.)

footing" he was "tackled to the ground extremely roughly by the help of a half dozen officers now joining [his] arrest" including Deputy John Doe #2, Deputy John Doe #3, and Deputy Atieh. *Id.* "From the momentum of being yanked backwards unexpectedly coupled with the added force of being tackled" Plaintiff's head hit his car bumper "tremendously hard" causing him to "temporarily black out while about 4 to 5 officers [took] turns bending [his] arms and legs to impossible angles." *Id.* Deputy John Doe #2 then "put his knee [on Plaintiff's] neck disrupting [his] breathing" and Plaintiff felt as if he was "going to die." *Id.* Deputy John Doe #3 "stuck a taser in [Plaintiff's] face yelling obscenities" and Plaintiff observed "another officer's hand motion towards his weapon." *Id.* Plaintiff alleges he struggled to breathe with Deputy John Doe #2's knee on his neck which "intentionally block[ed]" his airways. *Id.* Plaintiff attempted to scream "I'm not resisting," "but the rough abuse still continued." *Id.* Plaintiff states he could not identify who handcuffed him due to his face being pressed "hard against the concrete" but Deputy John Doe #2 "initiated the arrest and brutality." *Id.*

### C. Analysis

Plaintiff brings this action pursuant to § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

To state a cognizable claim under § 1983, a complaint must allege "(1) 'that some person has deprived [the plaintiff] of a federal right,' and (2) 'that the person who has deprived [the

plaintiff] of that right acted under color of state law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (alteration omitted).

### 1.  **Excessive Force**

As noted in the June R&R, "[t]he Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). The standard governing excessive force is "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "[T]he Second Circuit has held that even minor injuries, including scrapes and bruises, can support an excessive-force claim." *Matthews v. City of New York*, 889 F. Supp. 2d 418, 442 (E.D.N.Y. 2012) (internal quotations and citations omitted).

As noted above, Plaintiff alleges during his arrest he was "was unexpectedly and roughly pulled backwards from behind" by Deputy John Doe # 2 and tripped over the same officer's foot. (Dkt. No. 17 at 6.) As Plaintiff stumbled "trying to gain footing" he was "tackled to the ground extremely roughly by the help of a half dozen officers now joining [his] arrest" including Deputy John Doe #2, Deputy John Doe #3, and Deputy Atieh. *Id.* "From the momentum of being yanked backwards unexpectedly coupled with the added force of being tackled" Plaintiff's head hit his car bumper "tremendously hard" causing him to "temporarily black out while about 4 to 5 officers [took] turns bending [his] arms and legs to impossible angles." *Id.* Deputy John Doe #2 then "put his knee [on Plaintiff's] neck disrupting [his] breathing" and Plaintiff felt as if he was "going to die." *Id.* Deputy John Doe #3 "stuck a taser in [Plaintiff's] face yelling obscenities" and Plaintiff observed "another officer's hand motion towards his weapon." *Id.* Plaintiff alleges he struggled to breathe with Deputy John Doe #2's knee on his neck which "intentionally

5

block[ed]" his airways. *Id.* Plaintiff attempted to scream "I'm not resisting," "but the rough abuse still continued." *Id.* Plaintiff states he could not identify who handcuffed him due to his face being pressed "hard against the concrete" but Deputy John Doe #2 "initiated the arrest and brutality." *Id.*

Because Plaintiff has sufficiently identified Deputy Atieh and Deputies John Doe #2 and John Doe #3 in the caption and provides details of their conduct in his amended complaint, the Court recommends Plaintiff's excessive force claims involving his arrest survive initial review under 28 U.S.C. § 1915(e) and require a response. In so recommending, the undersigned expresses no opinion regarding whether the claim could survive a properly filed motion to dismiss or motion for summary judgment.

    **2.**  **Other Claims**

Because Plaintiff has failed to allege any new details supporting his racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, or excessive force pat and frisk claims, the undersigned recommends dismissing these claims without leave to amend for the reasons set forth in its June R&R. (*See* Dkt. No. 15.)

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's excessive force claims surrounding his arrest against Deputy Atieh and Deputies John Doe #2 and John Doe #3 **SURVIVE** *sua sponte* review; and it is further

**RECOMMENDED** that Plaintiff's racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force pat and frisk claims against Deputy Atieh and Deputies John Doe #1, John Doe #2, and John Doe #3 be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 3, 2024
       Syracuse, New York

*Thérèse Wiley Dancks*
United States Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).