UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISHMEAL ELMORE,

                            Plaintiff,

                                                                    5:23-CV-0508
v.                                                                  (GTS/TWD)

C. ATIEH, #2911 Sheriff's Deputy;
JOHN DOE #1, Deputy Sheriff (Onondaga Cty.);
JOHN DOE #2, Deputy Sheriff (Onondaga Cty.); and
JOHN DOE #3, Deputy Sheriff (Onondaga Cty.),

                            Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

ISHMEAL ELMORE
   Plaintiff, *Pro Se*
Onondaga County Correctional Facility
6660 East Seneca Turnpike
Jamesville, New York 13078

ONONDAGA COUNTY LAW DEPARTMENT             JOHN E. HEISLER, JR., ESQ.
   Counsel for Defendants                  KATHERINE B. FELICE, ESQ.
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Ishmeal Elmore

("Plaintiff") against Onondaga County Sheriff's Deputy C. Atieh and three unknown Sheriff's

Deputies ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-

Recommendation recommending that the Fourth Amendment excessive-force claims  (other than

the excessive-force pat-and-frisk claim) against Deputy Atieh and John Does #1-3 asserted in

Plaintiff's Amended Complaint[1] survive the Court's *sua sponte* review, but that the racial-profiling, unreasonable-seizure, false-arrest, false-imprisonment, malicious-prosecution, and excessive-force pat-and-frisk claims against Deputy Atieh and John Does #1-3 asserted in Plaintiff's Amended Complaint be *sua sponte* dismissed without leave to amend for failure to state a claim.  (Dkt. No. 18.)  Plaintiff has filed a timely Objection to the Report-Recommendation.  (Dkt. No. 19.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will assume the reader's familiarity with the procedural history of this action (which involves the filing of an original Complaint on April 26, 2023, a Report-Recommendation on June 29, 2023, a Decision and Order on September 25, 2023, an Amended Complaint on October 30, 2023, and a second Report-Recommendation on January 3, 2024).  (Dkt. Nos. 1, 12, 15, 17, 18.)

Even when construed with the utmost of special liberality, Plaintiff's Objection contains no specific challenge to the Report-Recommendation *other than* a specific challenge to its recommendation that the dismissal of the above-specified claims (i.e., for racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force

---

[1]    Although the Report-Recommendation in two places appears to limit this recommendation to John Doe #2 and John Doe #3 (*see* Dkt. No. 18, at 5-6), in another place it extends this recommendation also to John Doe #1 (*see id.* at 2 [stating "the undersigned recommends the Plaintiff's Fourth Amendment excessive force claims surrounding his arrest brought pursuant to 42 U.S.C. § 1983 against Deputy Atieh as well as Sheriff's Deputies John Doe #1, John Doe #2, and John Doe #3 survive initial review"]).  Moreover, the Court finds that facts have been alleged plausibly suggesting a claim that John Doe #1 failed to intervene in the aforementioned use of excessive force (which is another type of excessive force claim). (Dkt. No. 17, at 6 [alleging that John Doe #1 had ceased searching the vehicle long enough to stop Ms. Laundry from recording the incident].)  For these reasons, the Court liberally construes this recommendation as extending to John Does #1-3.

pat-and-frisk) be without leave to amend. (Dkt. No. 19.) In support of that challenge, Plaintiff asserts three arguments: (1) he twice applied for the appointment of counsel and supported that application with documentation of his unsuccessful efforts to obtain such counsel (the second time in an attachment to his Amended Complaint), but Magistrate Judge Dancks effectively denied that application both times (the second time by not granting it, or even referencing it, in her second Report-Recommendation); (2) his desired amendments are not vague but specific (specifically, changing Defendant Onondaga County Sheriff's Office to Onondaga County, adding detail to his arrest based on footage that he plans to subpoena, adding as an exhibit the "judicial report" that dismissed the criminal complaint arising from the unreasonable search and seizure); and (3) based on the foregoing, he requests that the Court reinstate, or allow him to amend, his claims of "unlawful arrest, unlawful imprisonment, malicious prosecution, and unreasonable search and seizure." (*Id.*)

As a result, to the extent that the Report-Recommendation recommends the dismissal of the above-specified claims for failure to state a claim, the Court need review that recommendation for only clear error.[2] After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in that aspect of the Report-Recommendation. In its prior Decision and Order, the

---

[2]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Court dismissed, with leave to amend, Plaintiff's claims for racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force pat-and-frisk.  (Dkt. No. 15, at 3 [Decision and Order of Sept. 25, 2023].)  In his (timely) Amended Complaint, Plaintiff asserts the same claims against the same Defendants in a bit more detail, enabling him to turn his claims against one John Doe Defendant into claims against *three* John Doe Defendants.  (*Compare* Dkt. No. 1, at 5-8 [Plf.'s Original Compl.] *with* Dkt. No. 17, at 5-8 [Plf.'s Am. Compl.].)  However, the added detail does not cure the pleading defects that were identified in those claims.  (Dkt. No. 12, at 8-12, 14-18 [First Report-Recommendation]; Dkt. No. 15 [Decision and Order adopting First Report-Recommendation].)  Under the circumstances, the Court can find no clear error in the Report-Recommendation's finding that Plaintiff's Amended Complaint continues to fail to state a claim for racial profiling, unreasonable seizure, false arrest, false imprisonment, malicious prosecution, and excessive force pat-and-frisk.

Turning to the *de novo* review that required of Magistrate Judge Dancks' recommendation that the aforementioned dismissal be without leave to amend, the Court begins its analysis by finding no fault in the Report-Recommendation's omission of a ruling on the second application for the appointment of counsel that was buried in Plaintiff's Amended Complaint.  (*Compare* Dkt. No. 17, at 10-16 [Plf.'s Second Application] *with* Dkt. No. 18 [Second Report-Recommendation].)  Plaintiff's second application appears to be carbon copy of his first application.  (*Compare*  Dkt. No. 17, at 10-16 [Plf.'s Second Application] *with* Dkt. No. 3, at 1-7 [Plf.'s First Application].)  Moreover, Magistrate Judge Dancks denied the first application on two grounds, the first of which was the necessity of a more fully developed record.  (Dkt. No. 12, at 20.)  That deficiency was in no way rectified in Plaintiff's second application.

4

(Dk. No. 17.)

In any event, the Court denies that second application now based on two grounds: (1) the-law-of-the-case doctrine; and (2) the alternative ground that, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors would, and do, weigh decidedly against the granting of Plaintiff's motion at this time (i.e., it appears as though Plaintiff has been able so far to effectively litigate this action *pro se*, it appears at this point that the case does not present issues that are novel or more complex than those raised in most excessive-force civil rights actions, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation, and it is highly probable that this Court would appoint trial counsel at the final pretrial conference should this case survive the filing of any dispositive motions). *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

Turning to the appropriateness of affording Plaintiff yet another opportunity to amend his deficient claims, the Court begins by respectfully advising Plaintiff that the extension of special solicitude to *pro se* litigants requires only *one* such opportunity to amend. *See Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009). Here, Plaintiff has failed to cure the defects despite having been given an adequate notice of them and a reasonable opportunity to cure them. For example, to the extent he possesses the "judicial report" he references in his Objections, he has been able all along to attach that document to his operative pleading, yet has

5

failed to do so.

In any event, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.[3] Here, Plaintiff's proposed changes are futile. More specifically, his request to "*change* defendants from Onondaga County Sheriff's to Onondaga County" (emphasis added) is futile for two reasons: (1) Onondaga County Sheriff's Department is not currently a defendant (having not been dismissed from his original Complaint and omitted from his Amended Complaint), and thus may not be *changed*; and (2) in any event, no factual allegations exist plausibly suggesting municipal liability. Moreover, to the extent that Plaintiff requests leave to cure the pleading defects in his claims of false arrest, false imprisonment, and malicious prosecution through details obtained from prospectively subpoenaed footage, that request puts the cart before the horse: the scope of discovery depends on the existence a party's viable claims, not vice versa. Fed. R. Civ. P. 26(d)(1). Furthermore, a finding that such footage would provide such detail is wholly speculative; and, in any event, no reason exists to believe that any such detail would cure the fact that, as found in the first Report-Recommendation, "the dispositive defense of probable cause appears on the face of the complaint." (Dkt. No. 12, at 16.) Finally, no detail needs to be

---

[3] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

added to his claims for unreasonable search and excessive force (other than based on a pat frisk) because they have already survived the Court's *sua sponte* review.

ACCORDINGLY, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's second application for the appointment of counsel (Dkt. No. 17, at 10-16) is **DENIED**; and it is further

**ORDERED** that Plaintiff's racial-profiling claim, unreasonable-seizure claim, false-arrest claim, false-imprisonment claim, malicious-prosecution claim, and excessive-force pat-and-frisk claim against Deputy Atieh and John Does #1-3 asserted in Plaintiff's Amended Complaint (Dkt. No. 17) are *sua sponte* **DISMISSED** with prejudice for failure to state a claim; and it is further

**ORDERED** that **SURVIVING** the Court's *sua sponte* review of Plaintiff's Amended Complaint (Dkt. No. 17) are the following:

(1) Plaintiff's Fourth Amendment excessive-force claims (other than his excessive-force pat-and-frisk claim) against Deputy Atieh and Deputies John Does #1-3;

(2) Plaintiff's Fourth Amendment unreasonable search claim against Deputy Atieh and John Does #1-3;[4] and

---

[4]     Because it appears that facts have been alleged plausibly suggesting a claim that John Doe #2 and John Doe #3 failed to intervene in the unreasonable search allegedly conducted by John Doe #1 and Deputy Atieh, the Court liberally construes that unreasonable-search claim as being asserted also against John Doe #2 and John Doe #3 for now. *See, supra,* note 1 of this Decision and Order.

7

(3) Plaintiff's state law claims for property damage and reimbursement of impound fees

to the extent they are a result of the alleged unreasonable search of Plaintiff's vehicle.

Dated:  February 26, 2024
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge